OPINION
{¶ 1} Defendant, Amy Elizabeth Herr, entered pleas of guilty of possession of one gram or less of crack cocaine, R.C. 2925.11(A), forgery, R.C. 2913.31(A)(3), and receiving stolen property, R.C.2913.51(A), which are all fifth degree felonies. The trial court sentenced Herr to the minimum authorized sentence for each offense, six months, but ordered the sentences to be served consecutively, for a total term of eighteen months. Herr filed a timely notice of appeal.
ASSIGNMENT OF ERROR
 {¶ 2} "The trial court erred in imposing a sentence that was excessive and contrary to law."
 {¶ 3} The grounds on which a defendant who pleads guilty to or is convicted of a felony may appeal his sentence as a matter of right are set out in R.C. 2953.08(A)(1)-(6). Two may possibly apply here.
 {¶ 4} R.C 2953.08(A)(2) permits an appeal of a sentence imposing a prison term for either a fourth or fifth degree felony or for a felony drug offense provided by R.C. Chapter 2925 which, per R.C 2929.13, requires the court to specify at the sentencing hearing that it found one or more of the factors in R.C.2929.13(B)(1)(a) to apply, and the court failed to make the finding required.
 {¶ 5} Defendant Herr was convicted of three fifth degree felonies, one of which is a violation of an R.C. Chapter 2925 offense. R.C. 2953.08(A)(2) permits an appeal. However, Herr does not contend that the court failed to make any finding it was required by R.C. 2929.13 to make. Therefore, R.C. 2953.08(A)(2) has no application.
 {¶ 6} R.C. 2953.08(A)(4) permits a defendant to appeal if the sentence is "contrary to law." We have applied that provision to failures to make the statutory findings which a particular sentence required, and/or when reasons for a finding are required, to failures to state the court's reason or reasons.
 {¶ 7} Herr does not argue that the trial court failed to make any findings or state any reasons for its findings which the law required of it. Rather, and with respect to the consecutive sentence requirement the court imposed, more so than the underlying three sentences, Herr contends that the facts on which the court necessarily relied do not reasonably support a consecutive sentence requirement.
 {¶ 8} R.C. 2953.08(G)(1) provides that in reviewing the error assigned in a defendant's R.C. 2953.08(A) appeal "[t]he appellate court's standard of review is not whether the trial court abused its discretion." Yet, that is precisely the argument that Defendant-Appellant presents, with but one exception.
 {¶ 9} Defendant-Appellant argues that the trial court erred when it relied on a mere warrant from another county to support its finding that consecutive sentences were justified. The trial court's findings in that regard show that it relied on other information, as well, to conclude that Herr's criminal history and prior convictions merit consecutive sentences. Any error in citing the fact of the arrest warrant is harmless beyond a reasonable doubt.
 {¶ 10} The assignment of error is overruled. The judgment of the trial court will be affirmed.
Donovan, J. and Young, J., concur.
Hon. Frederick N. Young, Retired from the Court of Appeals, Second District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.